UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05314-RGK-PVC | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Maysah Fakih v. Mercedes-Benz USA, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [15]

On April 28, 2025, Maysah Fakih ("Plaintiff") filed a Complaint against Mercedes-Benz USA, LLC ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act. (Compl., ECF No. 1-1.) Plaintiff's allegations arise from the purchase of a 2023 Mercedes-Benz G550 SUV from Defendant. On June 11, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 15.) For the following reasons, the Court **GRANTS** the Motion.

Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.*

Here, Defendant submits that there is diversity of citizenship because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia. Defendant further represents that the amount in controversy is satisfied because Plaintiff seeks either: (1) a replacement vehicle, or (2) restitution, and also seeks civil penalties and attorney's fees under the Song-Beverly Act.

Plaintiff argues Defendant has not demonstrated diversity of citizenship or established the amount in controversy exceeds $75,000. Plaintiff also alternatively argues the Court should decline to exercise jurisdiction over this matter in the interest of comity because the matter involves exclusively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                              JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05314-RGK-PVC | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Maysah Fakih v. Mercedes-Benz USA, LLC* | | |

state law. The Court agrees that Defendant has not adequately alleged the amount in controversy exceeds $75,000 and thus need not address Plaintiff's other arguments.

Defendant argues the amount in controversy is satisfied because "[t]he total payments due under the sales contract total $251,164.64." (Opp'n at 7, ECF No. 21.) However, Defendant neglects to consider that the vehicle was purchased pursuant to an installment contract. (Compl. ¶ 5.) As Plaintiff recognizes, his recovery is limited to the amount *actually paid* to Defendant. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Defendant makes no attempt to demonstrate how much Plaintiff has actually paid towards the vehicle aside from simply citing to the contract price. And although Defendant argues that Plaintiff seeks civil penalties in the amount of two times his actual damages, the Court cannot begin to estimate the amount of civil penalties without the amount of actual damages as a starting point. *See Luna v. Ford Motor Co.*, 2021 WL 5140088, at *2 (C.D. Cal. Nov. 3, 2021). To be sure, Defendant also points to the fact that Plaintiff seeks attorney's fees under the Song-Beverly Act and improperly speculates that the amount of attorney's fees in this case "may be substantial," or around $20,000. (Opp'n at 8.) Even accepting this impermissibly speculative figure as true, Defendant has not plausibly alleged the amount in controversy exceeds $75,000 considering its shortcomings with respect to actual damages and civil penalties.

For the foregoing reasons, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 25STCV12338

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |